IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC.<br><br>        Plaintiff,<br><br>    v.<br><br>ANKER INNOVATIONS LTD. and FANTASIA TRADING LLC D/B/A ANKERDIRECT,<br><br>        Defendants. | C.A. No. 21-339-CFC<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants Anker Innovations Ltd. and Fantasia Trading LLC (collectively, "Defendants" or "Anker"), by their undersigned counsel, hereby submit their Answer and Affirmative Defenses to Plaintiff Fundamental Innovation Systems International LLC's ("Plaintiff" or "Fundamental") Complaint for Patent Infringement ("Complaint") dated March 5, 2021. To the extent any allegations in the Complaint are not specifically admitted, Anker denies them. In responding to the Complaint, Anker uses the headings employed by Plaintiff strictly as a convenience to the Court, and does not admit any allegation made in, or inference suggested by, such headings. Anker answers the numbered paragraphs of the Complaint as follows:

### PARTIES

1. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies them.

2. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore denies them.

3. Anker admits that Anker Innovations Ltd. is a Hong Kong company with a place of business at Room 1318-19, Hollywood Plaza, 610 Nathan Road, Mongkok, Kowloon, Hong Kong

SAR, People's Republic of China.

4. Anker admits that Fantasia Trading LLC is a limited liability company organized under the laws of the State of Delaware with a place of business at 9155 Archibald Avenue, Suite 202, Rancho Cucamonga, California 91730. Anker admits that Fantasia Trading LLC retains as registered agent Business Filings Incorporated at 108 W. 13th Street, Wilmington, Delaware 19801.

5. Anker admits that Fantasia Trading LLC imports, distributes, markets and sells products in the United States. Except as explicitly admitted, Anker denies the allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. The allegation of paragraph 6 states a legal contention to which no response is required. To the extent that a response is nonetheless deemed to be required, Anker admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code and admits that 28 U.S.C. §§ 1331 and 1338(a) confer jurisdiction as to claims arising under the patent laws and claims arising under the laws of the United States upon this Court. Anker expressly denies that it has committed any acts of infringement in this or any other state. Except as explicitly admitted, Anker denies the allegations contained in paragraph 6 of the Complaint.

7. The allegations of this paragraph set forth legal conclusions to which no response is required. To the extent that a response is nonetheless deemed to be required, Anker denies the allegations contained in paragraph 7 of the Complaint.

8. The allegations of this paragraph set forth legal conclusions to which no response is required. To the extent that a response is nonetheless deemed to be required, Anker denies the allegations contained in paragraph 8 of the Complaint.

9. The allegations of this paragraph set forth legal conclusions to which no response is required. To the extent that a response is nonetheless deemed to be required, Anker admits that Anker Innovations Ltd. is not a resident of the United States. Except as expressly admitted, Anker denies the allegations contained in paragraph 9 of the Complaint.

10. The allegations of this paragraph set forth legal conclusions to which no response

is required.  To the extent a response is required, Anker admits that Fantasia Trading LLC is incorporated in Delaware.  Except as explicitly admitted, Anker denies the allegations contained in paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

11. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies them.

12. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies them.

14. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies them.

15. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore denies them.

16. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore denies them.

17. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore denies them.

18. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore denies them.

19. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore denies them.

20. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore denies them.

21. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and therefore denies them.

22. Anker admits that Fantasia Trading LLC sells, offers for sale and imports certain

charging adapters in the United States. Except as explicitly admitted, Anker denies the allegations contained in paragraph 22 of the Complaint.

23. Denied.

24. Anker admits that Fundamental communicated to Anker notice of the Patents-in-Suit. Anker further admits that Fundamental met with representatives of Anker for license discussion and provided Anker claim charts showing alleged infringement in or about 2017. To the extent that a response is nonetheless deemed to be required, Anker denies the allegations contained in paragraph 24 of the Complaint.

25. Anker admits that Fundamental and Anker entered into a Limited Release and Standstill Agreement on January 9, 2019, which expired on December 31, 2020.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,239,111)

31. Anker admits that Plaintiff purports to incorporate by reference the allegations of all of the foregoing paragraphs. Anker repeats and incorporates each and every response to the allegations in the preceding paragraphs as if fully set forth herein. Except as explicitly admitted, Anker denies any allegations contained in paragraph 31 of the Complaint.

32. Anker admits that U.S. Patent No. 7,239,111 ("the '111 patent") is titled "Universal Serial Bus Adapter for a Mobile Device." Anker admits that a document that purports to be a copy of the '111 patent is attached as Exhibit A to the Complaint. Anker lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint, and therefore denies them.

33. Anker admits that Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang

A. Luong, and Jonathan T. Malton appear to be named as co-inventors on the '111 patent.

34. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and therefore denies them.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## SECOND CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 8,624,550)**

49. Anker admits that Plaintiff purports to incorporate by reference the allegations of all of the foregoing paragraphs. Anker repeats and incorporates each and every response to the allegations in the preceding paragraphs as if fully set forth herein. Except as explicitly admitted, Anker denies any allegations contained in paragraph 49 of the Complaint.

50. Anker admits that U.S. Patent No. 8,624,550 ("the '550 patent") is titled "Multifunctional Charger System and Method." Anker admits that a document that purports to be a copy of the '550 patent is attached as Exhibit B to the Complaint. Anker lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph

50 of the Complaint, and therefore denies them.

51. Anker admits that Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton appear to be named as co-inventors on the '550 patent.

52. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint, and therefore denies them.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,453,233)

66. Anker admits that Plaintiff purports to incorporate by reference the allegations of all of the foregoing paragraphs. Anker repeats and incorporates each and every response to the allegations in the preceding paragraphs as if fully set forth herein. Except as explicitly admitted, Anker denies any allegations contained in paragraph 66 of the Complaint.

67. Anker admits that U.S. Patent No. 7,453,233 ("the '233 patent") is titled "Adapter System and Method for Powering a Device." Anker admits that a document that purports to be a copy of the '233 patent is attached as Exhibit C to the Complaint. Anker lacks knowledge and

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67 of the Complaint, and therefore denies them.

68. Anker admits that Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton appear to be named as co-inventors on the '233 patent.

69. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint, and therefore denies them.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied

**FOURTH CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 6,936,936)**

84. Anker admits that Plaintiff purports to incorporate by reference the allegations of all of the foregoing paragraphs. Anker repeats and incorporates each and every response to the allegations in the preceding paragraphs as if fully set forth herein. Except as explicitly admitted, Anker denies any allegations contained in paragraph 84 of the Complaint.

85. Anker admits that U.S. Patent No. 6,936,936 ("the '936 patent") is titled

7

"Multifunctional charger system and method."  Anker admits that a document that purports to be a copy of the '936 patent is attached as Exhibit D to the Complaint.  Anker lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 85 of the Complaint, and therefore denies them.

86. Anker admits that Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton appear to be named as co-inventors on the '936 patent.

87. Anker lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Complaint, and therefore denies them.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## PRAYER FOR RELIEF

Anker denies that Plaintiff is entitled to any of the relief sought in paragraphs A-H of its prayer for relief against Anker or any other relief, and requests that the Court deny all such relief to Plaintiff in its entirety and with prejudice.

## DEMAND FOR JURY TRIAL

This paragraph contains a demand for a jury trial to which no response is required.

**AFFIRMATIVE DEFENSES**

Subject to the responses above, Anker alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Anker's investigation of its defenses is continuing, and Anker expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law in or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

**FIRST AFFIRMATIVE DEFENSE**

**(Non-infringement)**

Anker has not infringed and does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, any valid and enforceable claim of the '111 Patent, the '550 Patent, the '233 Patent, and/or the '936 Patent, and Plaintiff has failed to state a claim for infringement.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity and Patent Ineligibility)**

The asserted claims of the '111 Patent, the '550 Patent, the '233 Patent, and the '936 Patent are invalid, unenforceable, patent ineligible and/or void for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256.

**THIRD AFFIRMATIVE DEFENSE**

**(Preclusion of Costs)**

To the extent that any claim of the '111 Patent, the '550 Patent, the '233 Patent, and/or the '936 Patent is held to be invalid, Plaintiff must be precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288**.**

## FOURTH AFFIRMATIVE DEFENSE

### (Limitations on Damages)

Any claim for damages for infringement of the '111 Patent, the '550 Patent, the '233 Patent, and/or the '936 Patent is statutorily limited under 35 U.S.C. § 286 and is further limited by 35 U.S.C. § 287(a) due to noncompliance with the marking and actual notice requirements.

## FIFTH AFFIRMATIVE DEFENSE

### (License and Patent Exhaustion)

Plaintiff's claims are barred, in whole or in part, to the extent that any allegedly infringing products or components are supplied, directly or indirectly, to Anker by an entity or entities having express or implied licenses or covenants not to sue under the '111 Patent, the '550 Patent, the '233 Patent, and/or the '936 Patent and/or under the doctrines of patent exhaustion, first sale and/or full compensation.

## SIXTH AFFIRMATIVE DEFENSE

### (Patent Misuse/Prosecution Laches/Waiver/Unclean Hands)

The '111 Patent, the '550 Patent, the '233 Patent, and/or the '936 Patent are unenforceable in whole or in part, and Plaintiff is barred, in whole or in part, from asserting the '111 Patent, the '550 Patent, the '233 Patent, and/or the '936 Patent against Anker, by the doctrines of acquiescence, patent misuse, prosecution laches, waiver, and/or unclean hands, including but not limited to Plaintiff's attempt to assert rights over certain industry standards issued by the USB Implementers Forum, including through seeking an injunction and royalties as remedies.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Anker pursuant to 35 U.S.C. § 285.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not

immediate or irreparable and Plaintiff has an adequate remedy at law for any alleged injury.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claim for injunctive relief is barred by laches as Plaintiff unreasonably and inexcusably delayed in filing suit to the material prejudice of Anker.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred in whole or in part by estoppel, including without limitation equitable estoppel.   Plaintiff and/or the alleged prior owners of the Patents-in-Suit misled Anker through words, conduct, and/or silence to reasonably infer that the '111 Patent, the '550 Patent, the '233 Patent and the '936 Patent would not be enforced against Anker and other implementers of USB standards.   Anker detrimentally relied on these words, conduct, and/or silence, and would be materially prejudiced if Plaintiff, the current alleged holder of the patents-in-suit, was permitted to proceed with a claim against Anker for infringement of the patents-in-suit.

## RESERVATION OF AFFIRMATIVE DEFENSES

Anker may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of this Answer, including to conform to proof at trial.   Anker therefore reserves all defenses under the Federal Rules of Civil Procedure, including those listed in Rule 8(c), the Patent Laws of the United States, and any other and additional defenses, at law or in equity, that are now or may become available or appear during, or as a result of, discovery proceedings in this action.

*Of Counsel:*

Robert J. Benson
Michael C. Chow
ORRICK, HERRINGTON
  &amp; SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA  92614-8255
(949) 567-6700

Jeffrey Johnson
ORRICK, HERRINGTON
  &amp; SUTCLIFFE LLP
609 Main Street, 40th Floor
Houston, TX 77002-3106
(713) 658-6400

Yufeng (Ethan) Ma
ORRICK, HERRINGTON
  &amp; SUTCLIFFE LLP
47/F Park Place
1601 Nanjing Road West
Shanghai, 200040
People's Republic of China
86-21-6109-7108

Dated:   June 11, 2021

ASHBY & GEDDES

*/s/ John G. Day*

_____
John G. Day (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-188
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*