## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 21-339-RGA ) ) **FILED UNDER SEAL** |
| ANKER INNOVATIONS LTD. AND FANTASIA TRADING LLC D/B/A ANKERDIRECT, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF FUNDAMENTAL INNOVATION SYSTEM INTERNATIONAL'S MOTION TO STRIKE DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

**I.    INTRODUCTION**

The parties have stipulated, and the Court has ordered, that they file their dispositive motions on October 10, 2023. The parties have also agreed to follow the Court's procedure, with each side filing a combined supporting brief not exceeding 40 pages for its dispositive motion(s).

On October 10, 2023, Fundamental filed its dispositive motions with a 40-page supporting brief and associated exhibits. D.I. 124-126. The motions included a motion for summary judgment of patent eligibility. D.I. 124 at 1; D.I. 125 at 1, 4-14, 16-24.

Defendants filed a single *Daubert* motion seeking to exclude certain of Mr. Weinstein's opinions, with a 39-page supporting brief and thousands of pages of uncropped exhibits. D.I. 127-130.

Then on October 23, 2023, without any prior warning, Defendants filed a cross-motion for summary judgement of patent ineligibility of the '550 patent. D.I. 137. Defendants represent that

- 1 -

"[t]he ground for this [cross-]motion are set forth in [their] combined answering brief and opening brief in support of its cross-motion." *Id.* at 1. The combined brief devotes over nine of the 40 allocated pages to the subject matter of its cross-motion. D.I. 139 at 1-10. Defendants' combined brief supporting their dispositive motions (*Daubert* motion plus the newly filed summary judgement motion) therefore has far exceeded the 40-page limit.

In summary, Defendants not only filed its dispositive motion for summary judgment of invalidity out of time, but also enlarged the supporting brief for the combined motion by 20% without authorization and, presumably, permits Defendants to file an extra brief, a reply brief, on the cross-motion.

## II.   ARGUMENT

The Court should strike Defendants' cross-motion for summary judgment on two separate grounds: (1) it is untimely; and (2) it has improperly enlarged the brief supporting Defendants' dispositive motions.

### A.   The Cross-Motion is Untimely

Concerning the first ground, Defendants do not dispute that they filed the motion out of time, but justify it on the ground that "the scope of the cross-motion does not exceed Fundamental's original motion." Ex. 1. That does not explain why they did not file the motion on time on October 10, 2023.

Defendants also try to excuse their untimeliness on the purported ground that this Court indicated previously that it would not adjudicate the merits of the '550 patent while its claims remain rejected in the reexamination:

> [T]he Court had previously indicated that it would not be adjudicating the '550 patent on the merits while its claims remain subject to a final rejection in the pending reexamination proceeding. Defendants heeded that guidance in not filing an affirmative 101 motion of invalidity as part of their original summary judgment motion. Thus, Defendants were quite surprised that more than half of

>plaintiff's brief in support of its summary judgment / Daubert motion was exclusively directed to invalidity of the '550 patent.[1] These circumstances further warrant Defendants' cross-motion.

Ex. 1 at 1-2.

That is not a reasonable interpretation of the Court's guidance. This Court has never said that because of the reexamination status of the '550 patent, all motions related to the '550 patent should be tabled. Nor has it set a separate briefing schedule for the '550 patent. The Court's remarks at most mean that the Court may carry the motions as related to '550 patent, not that a party may file dispositive motions on the '550 patent out of time.

Defendants' own actions also undermine their excuse: if they had truly believed what they said, they should not have moved to strike certain of Dr. Conte's report that relates solely to the '550 patent on October 10, 2023, the same day that the dispositive motion was due. D.I. 131 at 2. Nor should they have filed the cross-motion or renewed the request for claim construction that included terms appearing solely in the '550 patent. D.I. 137 (cross-motion); D.I. 143 (Joint Renewed Motion for Claim Construction, filed one day after the cross-motion and the counsel's correspondence); Ex. 2 (Anker counsel seeking to renew the request for claim construction).

Thus, the Court should enforce its scheduling order and strike the cross-motion for being untimely.

B.  **The Cross-Motion Improperly Enlarges the Brief Size**

The parties have agreed to follow the Court's procedure and file a combined 40-page brief in supporting of their respective combined dispositive motions. Defendants filed a 39-page brief on October 10, 2023 to support its *Daubert* motion and spent another 9 pages on its cross-motion

---

[1] Fundamental disagrees with Defendants' characterization of Fundamental's summary judgment motion. The motion for summary judgment of patent eligibility covers all four patents as Dr. Baker's opinion is not limited to just the '550 patent. *See* D.I. 125 at 11-14, 16-24.

in its combined answering brief and opening brief filed on October 23, 2023. In total, they filed 48 pages to support their dispositive motions, a 20% enlargement. The prejudice would be further compounded if Defendants file a reply brief in support of their cross-motion, giving them even more pages on the topic. This all works to Fundamental's prejudice when Fundamental tries to address the summary judgment issues and its motions to exclude within the confines of 40 pages. For that reason also, the Court should strike Defendants' cross motion for summary judgement filed on October 23, 2023 (D.I. 137).

Dated: October 30, 2023

Respectfully submitted,

FARNAN LLP

By: */s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Jason G. Sheasby (admitted *pro hac vice*)
H. Annita Zhong (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (949) 760-5200
jsheasby@irell.com
azhong@irell.com

*Attorneys for Plaintiff*
*FUNDAMENTAL INNOVATION SYSTEMS*
*INTERNATIONAL LLC*