IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FUNDAMENTAL INNOVATION SYSTEMS
INTERNATIONAL LLC,

          Plaintiff,

    v.

ANKER INNOVATIONS LTD. AND
FANTASIA TRADING LLC D/B/A
ANKERDIRECT,

          Defendants.

C.A. No. 21-339-RGA

**JURY TRIAL DEMANDED**

## ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANKER'S CROSS-MOTION OF PATENT INELIGIBILITY UNDER SECTION 101

## I.      INTRODUCTION

On October 23, 2023, Defendants Anker Innovations Limited and Fantasia Trading LLC (collectively, "Anker") filed Defendants' Cross-Motion for Summary Judgment of Invalidity under Section 101 (D.I. 137, the "Cross-Motion"), supported by Anker's combined Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment of Patent Eligibility and No Indefiniteness and Motion to Exclude Certain Testimony by Defendants' Experts and Opening Brief in Support of Cross-Motion for Invalidity under Section 101 (D.I. 139).   Plaintiff Fundamental Innovations Systems International LLLC ("Fundamental") has moved to strike the Cross-Motion on two grounds: (1) the Cross-Motion was untimely; and (2) Anker improperly enlarged the briefing permitted by the Court.  Neither argument has any merit for the reasons set forth below.  Plaintiff's motion to strike should be denied.

## II.      THE CROSS-MOTION WAS NOT UNTIMELY

Fundamental's argument that the Cross-Motion should have been filed on October 10, 2023, the date on which summary judgment motions were due under the Scheduling Order, ignores the very nature of a cross-motion.  "A cross-motion is a motion that attempts to counter a similar

motion filed by an opposing party." (merriam-webster.com/legal/cross-motion)  Since the Cross-Motion was filed in response to Fundamental's motion for summary judgment on Anker's defense of patent ineligibility under 35 U.S.C. § 101 (D.I. 124, the "Original Motion"), it could not have been filed until after the Original Motion was filed, unless Fundamental had disclosed it was going to file the Original Motion ahead of time, which it did not do.  Indeed, the logical extension of Fundamental's untimeliness argument would preclude a party from ever filing a cross-motion for summary judgment.

Even if Fundamental were correct that the Scheduling Order required cross-motions to be filed on the date on which summary judgment motions originally were due, it does not follow that the Cross-Motion should automatically be struck.  In New York, for example, where the Civil Practice Laws and Rules ("CPLR") impose strict statutory time limits on the filing of cross-motions, the Appellate Division has held that an untimely but correctly labeled cross-motion may be considered at least as to the issues that are the same in both it and the motion to which it responds, without the necessity to show good cause.  *See, e.g. Palomo v. 175th St. Realty Corp.*, 101 A.D.3d 579, 957 N.Y.S.2d 49 (1st Dept. 2012); *Conklin v. Triborough Bridge and Tunnel Auth.*, 49 A.D.3d 320, 855 N.Y.S.2d 54 (1st Dept. 2008); *Filannino v. Triborough Bridge & Tunnel Auth.*, 34 A.D.3d 280, 281–282, 824 N.Y.S.2d 244 (1st Dept. 2006), appeal dismissed 9 N.Y.3d 862, 840 N.Y.S.2d 765, 872 N.E.2d 878 (2007); *Osario v. BRF Constr. Corp.*, 23 A.D.3d 202, 203, 803 N.Y.S.2d 525 (1st Dept. 2005]).  Fundamental does not even try to dispute that Anker's Cross-Motion raises the same issues as Fundamental's Original Motion, nor does Fundamental dispute that it would be most efficient for the Court to consider Anker's Cross-Motion simultaneously with the Original Motion.

Fundamental goes on to criticize Anker for mentioning during the parties' meet and confer that it was surprised by the Original Motion given the Court's statement during the October 22, 2022 hearing that: "I don't really plan to do a whole lot of work on the '550 patent while it's in

the rejected status" (10/22/2022 transcript (D.I.) at p. 25, lines 13-15)[1]  In fact, however, the '550 patent continues to stand rejected on multiple grounds in the Patent Office, even after extensive proceedings that have been ongoing more than two years, since the reexamination request was filed October 20, 2021.

In the reexamination, the Examiner initially rejected all challenged claims (including all asserted claims in this litigation) on April 27, 2022.  Specifically, the Examiner rejected the claims on the following grounds:

- Claims 4-8 and 13-17 were rejected as obvious over U.S. Patent No. 7,360,004 ("Dougherty") in view of U.S. Patent No. 6,625,738 ("Shiga"); and

- Claims 3-7 and 12-16 were rejected as obvious over U.S. Patent No. 6,904,488 ("Matsumoto") in view of U.S. 6,184,652 ("Yang").

[Ex. 1 (Reexamination Docket)]  The Examiner maintained his rejections following an interview with Fundamental, its counsel, and expert on July 12, 2022.  *Id.*  Fundamental again challenged the Examiners' rejections on July 26, 2022.  *Id.*  On September 23, 2022, in a final Office Action, the Examiner again rejected all challenged claims as unpatentable on the same grounds.  Fundamental appealed the final rejection to the Patent Trial & Appeal Board.  The Examiner has continued to maintain his rejections of all challenged claims.  *See* Ex. 2 (Examiner's Answer to Appeal Brief).  Claims 3-8 and 12-17 of the '550 patent continue to stand rejected before the Patent

---

[1] Fundamental also argues that Anker undermined its statement that it did not anticipate the Original Motion by (1) invoking this Court's dispute procedure to attempt to strike portions of Dr. Conte's reply expert report relating solely to the '550 patent; and (2) renewing its motion for claim construction.  As to the former, Anker did not have the luxury of waiting to invoke the Court's Discovery Dispute Procedure to challenge the timeliness of opinions by Dr. Conte's that were first disclosed in his reply report because the Court considers such challenges waived if they are not promptly raised after expert reports are served.  *See* Judge Andrews' form Rule 16 Scheduling Order – Patent at ¶ 9(a).  As to the latter, the Renewed Joint Motion for Claim Construction was a purely ministerial filing that was done at the Court's direction.  *See*  May 31, 2002 Oral Order (D.I. 54) ("The motions for claim construction are denied without prejudice to renew at the time of the filing of dispositive motions").

Office.

In view of the fact that after extensive reexamination proceedings, all asserted claims of the ʾ550 patent continue to stand rejected before the Patent Office as invalid over the prior art—together with the Court's prior comments—it was surprising that Fundamental sought summary judgment of "no invalidity" of the claims of the ʾ550 patent in this forum.   Presumably Fundamental does not intend to bring the ʾ550 patent to trial in this Court in March 2024 if those claims remain rejected before the Patent Office.   But against this procedural backdrop, it was certainly not unreasonable for Anker to cross-move for summary judgment of invalidity under §101, on the same bases as it opposed Fundamental's affirmative motion for summary judgment of no invalidity under §101.

### III.   THE CROSS-MOTION DID NOT ENLARGE THE COURT'S PAGE LIMITS FOR DISPOSTITIVE AND DAUBERT MOTION BRIEFING

Fundamental's argument that Anker improperly expanded the Court's briefing limits for case dispositive and Daubert motions relies on what can be charitably described as "creative" page counting.   Section 10 of the Court's form Scheduling order for patent cases provides that "each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions."   Anker filed a 39 page opening brief in support of its Daubert motion (D.I. 128), a 40 page answering brief in response to Fundamental's motion for summary judgment (D.I. 139), which included roughly nine pages of argument opposing the Original Motion and supporting the Cross-Motion under 35 U.S.C. §101, and a 20 page reply brief in support of its affirmative Daubert motion (D.I. 147).   No further briefing was filed by Anker in connection with its affirmative motion, cross-motion, or Fundamental's motions, so Anker's briefing clearly fell within the required page limits.

As for prejudice to Fundamental, the best argument that Fundamental was able to muster was that Anker might help itself to an extra reply brief in support of the Cross-Motion, which

Anker never planned to do and did not do.  Fundamental would have known this, had it bothered to ask Anker during the parties' meet and confer.

## IV.    CONCLUSION

Defendants respectfully request that this Court deny Fundamental's motion to strike Anker's Cross-Motion.

ASHBY & GEDDES

*/s/ John G. Day*

_____

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-188
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*

*Of Counsel:*

Robert J. Benson
Michael C. Chow
ORRICK, HERRINGTON
   & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA  92614-8255
(949) 567-6700

Jeffrey Johnson
ORRICK, HERRINGTON
   & SUTCLIFFE LLP
609 Main Street, 40th Floor
Houston, TX 77002-3106
(713) 658-6400

Yufeng (Ethan) Ma
ORRICK, HERRINGTON
   & SUTCLIFFE LLP
47/F Park Place
1601 Nanjing Road West
Shanghai, 200040
People's Republic of China
86-21-6109-7108

Dated:  November 13, 2023