IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC., <br><br> Plaintiff, <br><br> v. <br><br> ANKER INNOVATIONS LTD. AND FANTASIA TRADING LLC D/B/A ANKERDIRECT, <br><br> Defendants. | ) ) ) ) ) ) C.A. No. 21-339-RGA ) ) ) **FILED UNDER SEAL** ) ) ) ) ) ) |

**PLAINTIFF FUNDAMENTAL INNOVATION SYSTEM INTERNATIONAL'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

Anker's opposition does not explain why it could not have filed a summary judgment of invalidity on the '550 patent in accordance with the deadline set in the scheduling order or even why it needs to file a cross-motion of summary judgment motion. Anker also cannot deny that by not including a request for summary judgment of invalidity on the '550 patent as part of its dispositive motions, it was able to devote the opening brief and the reply entirely to the *Daubert* motion instead of having to address multiple issues within the same page limits. That is an undeniable tactical advantage that Anker has gained by filing an untimely cross motion of summary judgment of invalidity. Anker does not even claim, let alone shows, that it will be prejudiced if its cross motion is struck and the Court considers only Fundamental's timely filed summary judgment motion. Thus, for reasons stated in Fundamental's opening brief and below, the Court should strike Anker's untimely cross motion for summary judgment.

I.      **The Cross-Motion was Untimely**

Anker's opposition fails to cite any relevant authority to justify its late filing of the summary judgment motion, referencing instead to an online general dictionary and case law on New York State civil procedures that have no applicability to practice in federal courts. D.I. 163 at 1-2. That alone shows the flimsy ground Anker is on.

Anker's opposition does not explain what prevented it from filing a summary judgment motion on the '550 patent on the deadline set in the Court's scheduling order. D.I. 163 at *Id*. The Court's remark that his Honor does not "plan to do a whole lot of work on the '550 patent while it's in the rejected status" does not relax the deadline for filing summary judgment motions on the '550 patent. If Anker believed there was ambiguity on the deadline, it should have sought clarification. The opposition also does not explain why Anker needs to file a cross-motion instead of just responding to Fundamental's summary judgment motion. D.I. 163 at 2-4.

Anker also does not deny that it did ask the Court to do work related solely to the '550 patent in its discovery motion and in its renewed motion for claim construction. D.I. 163 at 3 n.1. If Anker truly believes that the Court's remark means all deadlines related to the '550 patent are stayed, then those discovery and claim construction deadlines would have been stayed as well. Yet, at the October 26 hearing, Anker pressed vigorously on issues related solely to the '550 patent, without ever hinting that those issues could be continued until the state of the '550 reexamination changes. It has also never indicated to the Court that the claim construction dispute for the '550 patent is not ripe for resolution until the PTO reverses its ruling. Simply put, Anker is asking the Court to do work on the '550 patent when it suits its purpose, but then uses the Court's prior remarks to excuse its failure to abide by the Court's scheduling order.

II.     **The Delay Was Prejudicial**

Anker argues that because it did not file a reply in support of its cross motion, there is no

prejudice.  D.I. 163 at 4-5.  That is incorrect.  Anker does not claim that it could have possibly fit its full argument for the summary judgment of invalidity in the remaining 1.5 pages of the opening brief.  And by not including the summary judgment motion as part of its opening motions, it also gained the advantage of devoting the entire 20 pages of the reply brief to only the *Daubert* motion, instead of having to also address the invalidity issues.  Thus, by filing the untimely cross motion, Anker has gained the advantage of obtaining a summary judgment without being bound by the page limits set by the Court.  That is improper.

For these reasons, the Court should strike Anker's untimely cross-motion for summary judgment.

Dated: November 20, 2023

Respectfully submitted,

FARNAN LLP

By: /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Jason G. Sheasby (admitted *pro hac vice*)
H. Annita Zhong (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (949) 760-5200
jsheasby@irell.com
azhong@irell.com

*Attorneys for Plaintiff*
*FUNDAMENTAL INNOVATION SYSTEMS*
*INTERNATIONAL LLC*