Case 1:21-cv-00339-RGA   Document 189   Filed 01/10/24   Page 1 of 2 PageID #: 21131



January 10, 2024

**VIA E-FILING**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

  Re: *Fundamental Innov. Sys. Int'l v. Anker Innov. Ltd., et al.,*
     C.A. No. 21-cv-339-RGA

Dear Judge Andrews:

  Plaintiff Fundamental Innovation Systems International LLC ("Fundamental") respectfully submits this letter in response to Defendants' January 9, 2024 letter (D.I. 188) apparently seeking to alter the parties' agreement and the Court's order on case narrowing (D.I. 84). Procedurally, the letter is faulty for failing to comply with the Court's discovery dispute procedures or by filing an appropriate motion. *See generally* D.I. 17.

  Substantively, Fundamental submits that it will be most efficient and fair for the parties to abide by the existing Case Narrowing Order so that they can fully evaluate the merits of the case after receiving the Court's instruction on claim construction and hopefully the PTAB's decision on the '550 patent. Fundamental, however, is willing to narrow the claims within three days after entry of the Court's claim construction order so long as Anker agrees to narrow its list of prior art within three days of Fundamental's selection of claims.

  As to Anker's stated concern of burden and resources, the scope and issues in dispute for the remaining claims, whether 24 or 12, will be substantially the same as indicated by the parties' respective expert reports. Of note, the patents at issue all share the same specification. For each patent, the accused products are the same for the asserted claims and the asserted grounds of invalidity are the same.

  Fundamental believes that Anker is attempting to force the narrowing of the case to gain a strategic advantage, including forcing Fundamental to choose claims before the claim construction Order, which is the entire basis for final case narrowing under the parties' approved stipulation for case narrowing (D.I. 84), and before the PTAB issues a decision in the 550 appeal, which decision may issue soon. This is evidenced by the fact that Anker rejected a previous proposal by Fundamental, in which Fundamental was willing to identify a subset of 12 claims by January 17 with the right to substitute up to four of the claims if it drops the '550 patent, with Anker having a corresponding right to substitute up to 8 combinations.

  We are available at the Court's convenience to discuss this matter further.

919 N. MARKET STREET, 12TH FLOOR, WILMINGTON, DE 19801
PHONE: (302) 777–0300 · FAX: (302) 777–0301 · WWW.FARNANLAW.COM

2

Respectfully submitted

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (via E-File)