IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,

Plaintiff,

v.

ANKER INNOVATIONS LTD. and FANTASIA TRADING LLC d/b/a ANKERDIRECT,

Defendants.

Civil Action No. 21-339-RGA

MEMORANDUM ORDER

"A price for a hypothetical license may appropriately be based on consideration of the 'costs and availability of non-infringing alternatives' and the potential infringer's 'cost savings.'" *Prism Technologies LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1376 (Fed. Cir. 2017). "Reliance upon estimated cost savings from *use* of the infringing product is a well-settled method of determining a reasonable royalty." *Hanson v. Alpine Valley Ski Area*, 718 F.2d 1075, 1080-81 (Fed. Cir. 1983) (emphasis added).

The Federal Circuit often refers to "cost savings" as one way to determine a reasonable royalty. "Cost savings" is not a self-explanatory concept. It appears from the cases that "cost savings" is the amount of money defendant did not spend when "the defendant's infringement allowed it to avoid taking a different, more costly course of action." *Prism*, 849 F.3d at 1376.[1] In practice, at least until fairly recently, cost savings appears not to have had widespread applicability.

[1] *Prism* appears to have one of the inputs into cost savings be the "costs and availability of non-infringing alternatives." 849 F.3d at 1376.

There are four Federal Circuit cases often cited as examples of the cost savings approach. In *Alpine Valley*, plaintiff sued defendant for a patent relating to an improved snow-making machine. Defendant replaced its inferior snow-making machines with the patented snow-making machines, which saved $75 per minute of use. The amount of use times the $75 per minute were the cost savings. In *Monsanto Co. v. McFarling*, 488 F.3d 973 (Fed. Cir. 2007), plaintiff sued defendant over his unauthorized use of improved soybean seeds. An expert was able to compare the use of the improved seeds with the use of "conventional" unimproved seeds, and the expert calculated the costs saved by the use of the improved seeds relating to greater crop yield and lesser expenses for weed control. In *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221 (Fed. Cir. 2011), plaintiff had invented a "saw guard" safety improvement that Home Depot put into use in some of its stores. The saw guard prevented personal injury to Home Depot employees. An expert then compared the costs of those personal injuries both before (about $1,000,000 per year) and after (zero) the introduction of the saw guards. In *Prism*, Sprint infringed by leasing a backhaul network from third parties. It could have avoided infringement if it had built its own backhaul network. As it was, "the uncontroverted evidence showed that Sprint would have chosen to build its own backhaul network in the absence of a license." 849 F.3d at 1376. The expert calculated the cost of building a backhaul network and compared it with the costs of leasing the backhaul network from third parties. This evidence of "the estimated costs that Sprint avoided by infringing" was Prism's "principal damages evidence." *Id.* at 1375.

These four cases have at least three things in common. One, the proponent of the cost savings approach was able to compare a real life non-infringing alternative to infringement. Two, not only was the non-infringing alternative real, but it was also an alternative that either the infringer had previously used (Alpine Valley, Home Depot), or that plenty of others used

(Monsanto), or that the infringer made clear it would have used if it couldn't infringe (Prism). Three, for all four, the costs were operational costs—the lesser expense of operating improved snow-making equipment, the lesser expense of reduced injuries by operating safer equipment, the lesser expense associated with use of better seeds, and the lesser expense of using a rented network rather than having to pay to build one.

In contrast, in this case, the cost savings comparison was between the cost of making the infringing product with the cost of making a fictional non-infringing product that no one has ever used and for which there is no evidence that anyone would ever purchase.

I would appreciate input from the parties on the following questions:

1. Do you agree with my assessment of the four Federal Circuit cases discussed above?

2. Are there other Federal Circuit cases that suggest a broader scope for the "cost savings" approach to calculating damages? Are there other Federal Circuit cases that confirm the limited scope of the "cost savings" approach as described above?

3. Do you agree with my description of the non-infringing product as described above. If not, please explain why not, citing to the trial transcript as needed to support your position.

4. To the extent the contents of this Order suggest anything else to you, please provide your thoughts.

The parties are requested to submit supplemental letters responding to these questions, the letters to be no more than five single-spaced pages filed by August 26, 2026.

IT IS SO ORDERED this 19th day of August 2026.

Richard G. Andrews
United States District Judge